## Tracy *vs.* The Troy and Boston Railroad Company.

The Troy Union Railroad Company is a corporation of a peculiar character, chartered by a special act of the legislature, and organized solely for the purpose of constructing a railroad through the city of Troy, for the use and benefit of the railroad companies running their trains to and from that city. It neither owns or runs any engines or other rolling stock, nor has the right to operate the road, or use its track for the usual purposes of railroad companies, viz.; the running of engines and cars; and owns no property of any kind, being supported wholly by assessments on the railroad companies for whose benefit the road was constructed; its passenger-house and other property, rights and franchises, belonging to the different railroad companies entitled to use the road.

The defendants are a corporation organized under the general railroad act, running their trains to and from Troy, and entitled by the charter of the Troy Union Railroad Company to use the road, and to exercise, to the exclusion of the Union Company, the right or privilege of running their engines and cars thereon.

The plaintiff's cow, which, in consequence of the defendants' neglect to make or maintain fences, as required by the statute, had strayed from the plaintiff's land on to the track of the Union Company's road, at a place which was in the exclusive occupation of the defendants, and was claimed to be a mere continuation of its line of road, was there killed by the defendants' engine, through negligence. *Held* that the defendants were liable for the value of the cow, the road being substantially their road; and that they

were within the equity and spirit of the section of the general railroad act, making railroad companies liable for all damages done to cattle &c. by their agents or engines, by reason of their neglect to make or maintain fences or cattle-guards; and were subject to its provisions.

THIS action was commenced in a justice's court, and was brought to recover damages for killing a cow, through negligence on the part of the defendants. The plaintiff recovered judgment for the value of the cow, in the justice's court, but on appeal to the Rensselaer county court was nonsuited, on the trial; and from the judgment on such nonsuit, appealed to this court.

Under the general allegation of negligence, the plaintiff claims that the defendants are liable by reason of their neglect to make or maintain fences or cattle-guards at and near the place of collision, as required by the general railroad act, (3 *Statutes at Large,* 635, § 44; *amended, Id.* 643, § 8;) in consequence of which negligence the plaintiff's cow strayed from the adjacent lot of the plaintiff on to the track, and was killed by being run against by a locomotive owned and run by the defendants; also that the defendants were liable by reason of negligence, apart from this liability under the statute. But on this latter point no evidence, independent of the act of running over the plaintiff's cow, seems to have been given.

It is conceded that the injuries complained of were caused by an engine owned and run by the defendants. It was not claimed, on the motion for a nonsuit, that the plaintiff was in any degree negligent.

It is in undisputed evidence that the railroad was not fenced, at the point of collision, which adjoins the plaintiff's premises; excepting that one half of the plaintiff's premises was fenced by himself. There are no cattle-guards at that crossing, below the place of collision, and never have been any.

It also appears that some four years before the killing of the cow, the plaintiff called the defendants' attention

to the want of fencing, and requested them to have it constructed; but they omitted to do so. The character of the ground makes it probable that the cow could only have passed on to the track directly from the plaintiff's premises, where she was usually kept, or from the street crossing, some distance below. The railroad, at the place of collision, passes over land exclusively used for the purpose of a track; and the map and explanatory testimony show that neither fences or cattle-guards at or near that place could in any way obstruct any highway, or interfere with public travel or convenience. The place of collision is on the line of what is known as "The Troy Union Railroad," and the defendants therefore claim that they (the defendants) are not liable for injuries caused by their running engines at this point without erecting or maintaining the fences or cattle-guards required by the statute. The defendants also deny negligence generally. The Troy Union Railroad Company is a corporation of an especial nature. It is not a railroad company of the usual character; nor was it organized for the customary purposes of railroad corporations. It is incorporated under a special act. (*Laws of* 1851, *chap.* 255.) And the peculiar and limited nature of its powers are expressed in the act, and are exhibited in the "contract" introduced by the defendants, on the trial. It was organized solely and exclusively for the purpose of constructing a railroad through the city of Troy, for the use and benefit of the railroad companies running their trains to and from said city. This is the extent of its powers. (*Act of* 1851; *Contract*, §§ 7, 9, 14.) It neither owns or runs any engines or other rolling stock, nor ever has owned or run any. It has no right to operate the railroad, or use its track for the usual purpose of railroad companies; i. e., the running of engines and cars. (*Act of* 1851.) It is not organized for profit, and it pays no dividends. It is supported wholly by assessments on the railroad companies for whose benefit the road was

constructed. (*Contract*, §§ 3, 4.) And with the exception of these annual assessments for paying current expenses, it owns no property of any kind or description, whatever. Its "passenger-house, and all other property, rights and franchises," both in possession and reversion, belong to the different railroad companies which are entitled to use the road. Its management consists of a board of directors, chosen exclusively by the different railroad companies, owners, with the mayor of Troy ; and the board must always be so constituted. (*Contract*, § 18.) And even in the discharge of its few powers, (such as prescribing necessary police regulations,) it acts merely as the agent of these other companies, for their sole benefit, and by virtue of this "contract."

The defendants, on the other hand, are a corporation duly organized under the general railroad act, running their trains to and from the city of Troy. By the organic act of the union road, the defendants are forever entitled to use the road, and to exercise thereon, to the exclusion of the Union Company, the right or privilege of running their engines and cars. (*Act of* 1851; *Contract, passim.*) The union depot, south of the place of collision, is the defendants' terminus of travel. The track at the place of collision is claimed to be a mere continuation of the defendants' line of road, and they alone use the road at that point.

*O. P. Buel*, for the plaintiff, (appellant.)

*Miles Beach*, for the defendant, (respondent.)

*By the Court*, HOGEBOOM, J. The decision of this case, probably, turns upon the true construction to be given to those sections of the act to authorize the formation of railroad corporations, and to regulate the same, passed April 2, 1850, (*Laws of* 1850, *chap.* 140, § 44,) and the act to

amend the same, passed April 15, 1854, (*Laws of* 1854, *chap.* 282, § 8,) by which "Every railroad corporation whose line is open for use shall erect and maintain fences and crossings on the sides of their roads, of the height and strength of division fences, and in default thereof shall be liable for damages done by their agents or engines, to any cattle, horses, sheep or hogs thereon." The plaintiff's cow was killed by an engine and train of the defendants, upon the track of the railroad of the Troy Union Railroad Company, which was a railroad in the city of Troy not owning or running any engine or other rolling stock, and in which the defendants, in common with the Rensselaer and Saratoga Railroad Company, the New York Central Railroad Company and the Hudson River Railroad Company, were stockholders, and had a right to use the railroad tracks of the Troy Union Railroad Company, said tracks having been in fact built by and at the mutual expense of said railroad companies.

The action does not appear to have been tried upon the theory of proving *actual* negligence on the part of the defendants in the running of their cars, nor to have been determined in the county court upon the theory of actual negligence on the part of the plaintiff, contributing to the injury; but to have been tried upon the question whether the road in question was, for the purposes of this case, the road of the defendants; the plaintiff maintaining that it was, and the defendants that it was not. If it was, then the defendants were liable without proof of *actual* negligence; inasmuch as no fences or crossings had ever been erected or maintained. (2 *Edm. Stat.* 643, § 8. *Corwin* v. *The New York and Erie Railroad Co.*, 13 *N. Y. Rep.* 42.)

I think the defendants are liable.

1. The road is substantially their road. They contributed to its construction, have a right to use it, and did on this occasion use it, in virtue of the rights conferred by the act organizing the Troy Union Railroad Company,

(*Laws of* 1851, *chap.* 255, *p.* 78, § 79,) were members, and stockholders of the latter company, and did the wrongful act complained of.

2. The Troy Union Railroad Company never had any engines or rolling stock, and it is doubtful whether they could be made liable for this injury, on account of never having done the injury; unless it should be construed to be by relation. If they are to be liable, then no other company is liable, except the defendants, because no other participated in the act complained of.

3. The plaintiff is therefore remediless if he cannot have relief in this form, and the obligation to build and maintain fences and crossings, so far as the track of thè Troy Union Railroad Company is concerned, can never be practically enforced. The defendants are within the spirit and equity of the act, and, as I think, subject to its provisions.

- I am of opinion that the judgment of the county court should be reversed, and a new trial granted therein, with costs to abide the event.(*a*)

[ALBANY GENERAL TERM, May 6, 1867. *Peckham, Ingalls* and *Hogeboom,* Justices.]

(*a*) Judgment unanimously affirmed by the Court of Appeals.